UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

JUAN MOORE,

        Petitioner,

v.                                  CIVIL ACTION NO. 2:23-cv-00634

DONNIE AMES, Superintendent,
Mount Olive Correctional Complex and Jail,

        Respondent.

### MEMORANDUM OPINION AND ORDER

Pending are Petitioner Juan Moore's ("Petitioner") (1) Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF 1], filed September 22, 2023, and (2) Memorandum in Support Thereof [ECF 8], filed January 4, 2024. Also pending are Respondent Donnie Ames' ("Respondent") (1) Combined Motion to Dismiss Petition for Writ of Habeas Corpus and for Summary Judgment [ECF 13], filed April 1, 2024, and (2) Memorandum in Support Thereof [ECF 14], also filed April 1, 2024.

I.

Petitioner instituted this action on September 22, 2023, on the grounds of (1) ineffective assistance of counsel amounting to structural error, (2) conflict of interest, (3) unreasonable search and seizure, and (4) spoliation. [ECF 1, 8].

The case was previously referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [ECF 3, 18]. Magistrate Judge Reeder recommended the Court deny Petitioner's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 [ECF 1, 8], grant Respondent's Combined Motion to Dismiss Petition for Writ of Habeas Corpus and for Summary Judgment [ECF 13, 14], and dismiss the instant action with prejudice. [ECF 20 at 51–52]. Petitioner timely filed his objections on March 13, 2025. [ECF 23].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

After an exhaustive review, Magistrate Judge Reeder concluded that Petitioner was not entitled to relief on the grounds presented. [ECF 20].

First, Petitioner objects to Magistrate Judge Reeder's conclusion that "Petitioner had not set forth a valid claim regarding structural error." [ECF 23 at 1 (citing *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)*; Robert Leroy Mccoy v. Louisiana*, 584 U.S. 414, 138 S. Ct. 1500, 200 L. Ed. 2d 821 (2018))]. Specifically, Petitioner asserts structural error occurred because (1) Petitioner was deprived of his right to testify on his own behalf and (2) because his counsel from the Kanawha County Public Defender Corporation ("Counsel") failed to meaningfully test the State's case. [*Id.*]

"Structural errors are so intrinsically harmful to the proceeding that [they] render the trial an unreliable vehicle for determining innocence or guilt." *United States v. Ross*, 72 F.4th 40, 47 (4th Cir. 2023) (citing *United States v. Poole*, 640 F.3d 114, 119 (4th Cir. 2011)) (internal quotations omitted). The stringent standard for structural errors is deemed met only in rare circumstances. *Id.* "Thus, the vast majority of constitutional errors are not structural . . . ." *Poole*, 640 F.3d at 119.

Magistrate Judge Reeder's analysis is not impaired inasmuch as it correctly identifies (1) that the record provides no indication Petitioner's choice not to testify was the result of anything other than Counsel's advice, and (2) that the record reflects Counsel's due diligence in discussing potential plea deals, contacting and procuring witnesses, conducting extensive cross-examination, and putting forth thorough pre- and post-trial motions. [*See e.g.,* ECF 13, Ex. 1–14]. Thus, Petitioner does not satisfy the demanding legal standard for structural error.

Petitioner contends Counsel's conduct "[i]n the alternative" permits relief under the *Strickland* standard. [ECF 23 at 1 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984))]. "To establish ineffective assistance of counsel under *Strickland*, a defendant must satisfy two standards: (1) that counsel's performance was deficient, and (2) that counsel's deficient performance "prejudiced the defense." *Owens v. Stirling*, 967 F.3d 396, 411–12 (4th Cir. 2020) (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064) (internal quotations omitted). Regarding the first standard, "the critical question is whether counsel's performance amounted to incompetence under prevailing professional norms, not whether it deviated from best practices." *Id.* at 412 (citing *Winston v. Pearson*, 683 F.3d 489, 504 (4th Cir. 2012)) (internal quotations omitted). Regarding the second standard, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068).

Petitioner does not provide evidence or argument that sufficiently contradicts Counsel's due diligence, which the record reflects. Petitioner further does not establish a reasonable probability a jury of his peers would have acquitted him but-for Counsel's hypothetical error(s). As such, Petitioner's *Strickland*-based objection also fails.

Petitioner's objections to Magistrate Judge Reeder's findings respecting the conflict of interest, Fourth Amendment, and spoliation claims are susceptible to summary disposition. In sum, the objections do nothing to compromise the Magistrate Judge's analysis or result reached.

**IV.**

Accordingly, the Court **ADOPTS** the PF&R [**ECF 20**], **DENIES** Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [**ECF 1, 8**], **GRANTS** Respondent's Combined Motion to Dismiss Petition for Writ of Habeas Corpus and for Summary Judgment [**ECF 13, 14**], and **DISMISSES** the instant action from the Court's docket with prejudice.

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and Order to any counsel of record and any unrepresented party.

ENTER: March 20, 2025

Frank W. Volk
Chief United States District Judge