UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JUAN MOORE,

      Petitioner,

v.                                         CIVIL ACTION NO. 2:23-cv-00634

DONNIE AMES, Superintendent,
Mount Olive Correctional Complex and Jail,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner Juan Moore's (1) Motion for New Trial; Altering or Amending Judgment under Rule 59 [ECF 27], filed April 14, 2025, and (2) Motion for Relief from Judgment under Rule 60 [ECF 36], filed September 2, 2025. Respondent Superintendent Donnie Ames responded in opposition to both Motions [ECF 34, 37], to which Mr. Moore replied. [ECF 35, 38]. On January 19, 2026, Mr. Moore filed an additional Memorandum in Support of his Motions to Amend Judgment. [ECF 39].

### I.

This action was previously referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On February 13, 2025, Magistrate Judge Reeder filed his PF&R, recommending the Court deny Mr. Moore's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, grant Superintendent Ames' Combined Motion to Dismiss and for Summary Judgment, and dismiss the action with prejudice. On March 13, 2025, Mr. Moore timely objected to the PF&R. [ECF 23]. On March 20, 2025, the Court overruled Mr. Moore's objections, denied his § 2254 Petition, and dismissed the

action with prejudice. [ECF 24, 25].

On April 14, 2025, counsel Richard A. Robb entered his appearance on behalf of Mr. Moore. That same date, Mr. Moore filed a (1) Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider a Second or Successive § 2244 Petition with our Court of Appeals [ECF 30-1], and (2) Motion for New Trial; Altering or Amending Judgment under Rule 59 [ECF 27], currently pending before the undersigned. On May 13, 2025, our Court of Appeals denied Mr. Moore's Motion seeking authorization to file a second § 2244 Petition. [ECF 31].

Following a state court jury trial in 2016, Mr. Moore was convicted of nineteen counts of sexual abuse of his teenage daughter, in violation of *West Virginia Code* § 61-8D-5. [ECF 36 at 1]. He was sentenced to forty (40) to eighty (80) years imprisonment, followed by ten (10) years of extended supervision. [*Id.*]. In his Rule 59 Motion to Amend Judgment, Mr. Moore initially sought relief based on "newly discovered evidence and other new evidence caused by multiple omissions and distortions of facts." [ECF 27 at 1]. He asserted this purported new evidence consisted of (1) the victim's change in story on two occasions since his 2016 state court trial, (2) "[k]ey family witnesses" having "their testimony describing [the victim's] truthfulness, immaturity, moral character, and motivation for the accusations repeatedly obfuscated[,]" (3) the location of sperm DNA evidence contradicting the victim's allegations "distorting and creating an unrealistic 'crime scene,'" and (4) the "bizarre treatment of evidence concerning the accusing [victim's] knowledge of moles on [his] penis." [*Id*. at 1-2]. Mr. Moore maintains the alleged new evidence was "not previously or properly raised[,]" and "[w]hether these matters could or should have been raised was undoubtedly caused by deferred to lawyer-influenced priorities acquiesced to by an individual with little ability or background to do so." [*Id*. at 2].

Despite Mr. Moore's initial assertion that he was seeking Rule 59 relief based on newly discovered evidence, he changed course following Superintendent Ames' response [ECF 34] that the asserted "new evidence" was not new, as the same had been raised and addressed in Mr. Moore's appeal to the Supreme Court of Appeals of West Virginia and/or his subsequent habeas proceedings. [*See* ECF 35]. Indeed, in his reply, Mr. Moore concedes "[a]ll issues in [his] motion to amend or alter judgment have been previously raised in some manner before this Court." [ECF 35 at 1]. He now instead asserts the state court's consideration of the evidence noted above "was not reasonable" and thus Rule 59 relief is warranted to "prevent manifest injustice" given his "actual innocence." [*Id*. at 1, 2; *see also* ECF 39 at 3 ("The evidence has always been present, yet never addressed in a common sense manner of how the crime, or crimes, could have even occurred. The outrage of a father continuously seducing his teenage daughter for over a year is understandable but that does not excuse a rational examination of how this could have even happened.")]. He contends his Motion "has taken existing issues as accuser recanting, witnesses, crime scene, actual evidence versus spoliation, and [his] personal background addressing them from a different, yet more relevant perspective." [*Id*. at 3].

On September 2, 2025, Mr. Moore filed a second Motion for Relief from Judgment, this time seeking relief under *Federal Rule of Civil Procedure* 60(b)(6), as opposed to Rule 59(e). [ECF 36]. Mr. Moore raises the same contentions as his Rule 59 Motion, asserting that "critical facts unreasonably determined in state court were presented in a manner that caused this Court to treat those same facts erroneously leading to an incorrect judgment." [ECF 36 at 1]. He maintains an "accurate" presentation of the evidence noted above would "cumulatively . . . show [he] is actually innocent." [*Id*. at 1].

## II.

*Federal Rule of Civil Procedure* 59(e) permits parties to file motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). Our Court of Appeals has recognized "[a] Rule 59(e) motion 'need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice.'" *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)). Our Court of Appeals has also consistently held a Rule 59(e) motion may not be used as a vehicle to raise new arguments, reargue issues already presented to the court, or to present new evidence that was available prior to trial. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Pursuant to *Federal Rule of Civil Procedure* 60(b) a court may relieve a party from an adverse judgment upon a showing of any of the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The sixth "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

Reduced to its essence, in both Motions, Mr. Moore contends the evidence used to sustain his conviction has consistently been "unreasonably interpreted" by the courts. This is not a proper ground to justify Rule 59 relief. Indeed, Mr. Moore is essentially attempting to relitigate matters either earlier presented or which should have been more seasonably presented. Consequently, he is unable to show he is entitled to an amended judgment under Rule 59. His Rule 60 Motion likewise fails for these same reasons, as there is an absence of extraordinary circumstances that would warrant such relief.

To the extent Mr. Moore attempts to make a claim of actual innocence, the same is meritless. In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court went on to caution that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Though unclear what procedural bar Mr. Moore is attempting to bypass, he has failed to present any new evidence that would establish his actual innocence of the offense of conviction.

### III.

Based on the foregoing discussion, Mr. Moore's Post-Judgment Motions [**ECF 27, 36**] are **DENIED**.

    The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

              ENTER: February 11, 2026

                 Frank W. Volk
                 Chief United States District Judge