**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

JUAN MOORE,

Petitioner,

v. CIVIL ACTION NO. 2:23-cv-00634

DONNIE AMES, Superintendent,
Mount Olive Correctional Complex and Jail,

Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is Petitioner Juan Moore's Motion to Alter or Amend Judgment under Rule 59 [ECF 42], filed March 3, 2026. On March 16, 2026, Respondent Superintendent Donnie Ames responded in opposition, [ECF 43], to which Mr. Moore replied. [ECF 44]. This matter is ready for adjudication.

**I.**

Following a state court jury trial in 2016, Mr. Moore was convicted of nineteen (19) counts of sexual abuse of his teenage daughter, in violation of *West Virginia Code* § 61-8D-5. [ECF 36 at 1]. He was sentenced to forty (40) to eighty (80) years imprisonment, followed by 10 years of extended supervision. [*Id.*].

On September 22, 2023, Mr. Moore filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [ECF 1], to which Superintendent Ames' filed a Combined Motion to Dismiss and for Summary Judgment April 1, 2024. [ECF 13]. The action was referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [ECF 18]. On February 13, 2025, Magistrate Judge Reeder filed

his PF&R, recommending the Court deny Mr. Moore's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, grant Superintendent Ames' Combined Motion to Dismiss and for Summary Judgment, and dismiss the action with prejudice. [ECF 20]. On March 13, 2025, Mr. Moore timely objected to the PF&R. [ECF 23]. On March 20, 2025, the Court overruled Mr. Moore's objections, denied his § 2254 Petition, and dismissed the action with prejudice. [ECF 24, 25].

On April 14, 2025, counsel Richard A. Robb entered his appearance on behalf of Mr. Moore. That same date, Mr. Moore filed a (1) Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider a Second or Successive § 2244 Petition with the United States Court of Appeals for the Fourth Circuit [ECF 30–1], and (2) Motion for New Trial; Altering or Amending Judgment under *Federal Rule of Civil Procedure* 59. [ECF 27]. On May 13, 2025, our Court of Appeals denied Mr. Moore's Motion seeking authorization to file a second § 2244 Petition. [ECF 31].

In his initial Rule 59 Motion to Amend Judgment, Mr. Moore sought relied based on "newly discovered evidence and other new evidence caused by multiple omissions and distortions of facts," pointing to matters such as sperm DNA locations and the victim's identification of his moles. [ECF 27 at 1–2]. However, following Superintendent Ames' response asserting these matters were not newly discovered and had already been addressed on appeal and in state habeas proceedings [*See* ECF 34], Mr. Moore conceded "[a]ll issues in [his] motion to amend or alter judgment have been previously raised in some manner before this Court." [ECF 35 at 1]. Mr. Moore then instead asserted the state court's handling of the evidence was unreasonable and thus Rule 59 relief was necessary to "prevent manifest injustice" given his "actual innocence." [*Id*. at 1, 2; *see also* ECF 39 at 3 ("The evidence has always been present, yet never addressed in a common sense manner of how the crime, or crimes, could have even occurred.

The outrage of a father continuously seducing his teenage daughter for over a year is understandable but that does not excuse a rational examination of how this could have even happened.")].

On September 2, 2025, Mr. Moore filed a second Motion for Relief from Judgment, this time under Rule 60(b)(6), as opposed to Rule 59(e). [ECF 36]. Mr. Moore raised the same contentions as his Rule 59(e) Motion, asserting "critical facts unreasonably determined in state court were presented in a manner that caused this Court to treat those same facts erroneously leading to an incorrect judgment." [ECF 36 at 1]. He maintained an "accurate" presentation of the evidence noted above would "cumulatively . . . show [he] is actually innocent." [*Id.* at 1]. On February 11, 2026, the Court denied Mr. Moore's Post-Judgment Motions [ECF 27, 36], finding he was attempting to relitigate previously addressed matters and had failed to present new evidence establishing actual innocence. [ECF 40 at 5].

On March 3, 2026, Mr. Moore his second Rule 59(e) motion (his third post-judgment motion overall), currently pending before the undersigned. [ECF 42]. He contends our Court of Appeals' July 2025 decision in *Wolfe v. Dotson* constitutes an intervening change in the law which broadened the definition of new and reliable evidence in actual innocence claims to include evidence omitted due to ineffective assistance of trial and state habeas counsel. [*Id.* at 1, 8]; *See Wolfe v. Dotson*, 144 F.4th 218 (4th Cir. 2025). He again asserts evidence concerning the semen sample's location and the victim's inability to identify his moles has never been effectively presented, and this untested evidence shows his actual innocence when considered as a whole. [*Id.* at 2, 4, 6–8].

In response, Superintendent Ames asserts *Wolfe* was decided in July 2025 -- months before Mr. Moore's September 2025 Rule 60(b) motion -- and therefore fails to qualify as an

intervening change occurring between the prior denial and the current motion. [ECF 43 at 3]. Furthermore, Superintendent Ames contends *Wolfe* is distinguishable inasmuch as it addressed an unavailable witness whose testimony was rendered newly available via a post-trial recantation affidavit, whereas Mr. Moore is simply attempting to repackage previously rejected ineffective-assistance-of-counsel arguments already reviewed and rejected by both the state courts and this Court as "new evidence." [*Id.* at 1–2, 4].

**II.**

Rule 59(e) permits parties to file motions to alter or amend a judgment. Fed. R. Civ. P. 59(e). Our Court of Appeals has recognized "[a] Rule 59(e) motion 'need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice.'" *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)). Our Court of Appeals has also consistently held a Rule 59(e) motion may not be used as a vehicle to raise new arguments, reargue issues already presented to the court, or present new evidence available prior to trial. *See Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Reduced to its essence, in his Motion, Mr. Moore claims *Wolfe v. Dotson* fundamentally altered the legal landscape by expanding what constitutes "new and reliable" evidence in actual innocence claims to include evidence omitted due to ineffective assistance of counsel. [*See* ECF 42 at 1, 8]; *see Wolfe v. Dotson*, 144 F.4th 218 (4th Cir. 2025). However, in *Wolfe*, the Fourth Circuit evaluated a true category of new evidence: an official post-trial recantation affidavit executed by the central perpetrator who had previously invoked his Fifth Amendment privilege, making him entirely unavailable. *Wolfe*, 144 F.4th at 220, 234. *Wolfe* did

not hold ordinary trial evidence, or evidence known at the time of trial but poorly presented due to trial strategy or alleged counsel error, transforms into "new evidence." Mr. Moore is attempting to stretch *Wolfe* beyond recognition to re-litigate ineffective assistance of counsel claims which have been repeatedly rejected.

Additionally, the substantive pieces of evidence highlighted by Mr. Moore -- specifically, the physical dimensions and location of the semen sample relative to the victim's testimony and the victim's identification of his moles -- were known at the time of trial and have been thoroughly reviewed across state appeals and prior federal habeas proceedings. As the Court noted in its February 11, 2026, Memorandum Opinion and Order, "Mr. Moore is essentially attempting to relitigate matters either earlier presented or which should have been more seasonably presented." [ECF 40 at 5]. Consequently, he is unable to show he is entitled to an amended judgment under Rule 59.

**III.**

Based on the foregoing discussion, Mr. Moore's Motion to Alter or Amend Judgment [**ECF 42**] is **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: October 9, 2026

Frank W. Volk
Chief United States District Judge